Matter of Small (New York City Tr. Auth.--Commissioner of Labor) (2024 NY Slip Op 05613)

Matter of Small (New York City Tr. Auth.--Commissioner of Labor)

2024 NY Slip Op 05613

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-1326
[*1]In the Matter of the Claim of Kevin P. Small, Appellant. New York City Transit Authority, Respondent. Commissioner of Labor, Respondent.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Glass Harlow & Hogrogian LLP, New York City (Bryan D. Glass of counsel), for appellant.
David I. Farber, New York City Transit Authority, Brooklyn (Lindsey M. Gosin of counsel), for New York City Transit Authority, respondent.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for Commissioner of Labor, respondent.

Lynch, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 6, 2023, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Claimant, a carpenter, was involved in a verbal altercation with a coworker that escalated into physical contact. Following a full evidentiary arbitration hearing pursuant to the terms of the collective bargaining agreement at which claimant was represented by counsel, the arbitrator found that claimant's behavior toward his coworker, which violated various policies of the employer, warranted his discharge. With respect to claimant's subsequent application for unemployment insurance benefits, the Unemployment Insurance Appeal Board modified the decision of the Administrative Law Judge by finding that claimant lost his employment due to disqualifying misconduct. Claimant appeals.
Initially, we note that the record indicates that claimant had a full and fair opportunity to litigate the issue of misconduct during the arbitration hearing and the Board appropriately gave collateral effect to the arbitrator's factual findings regarding claimant's conduct toward the coworker (see Matter of Samuels [New York City Tr. Auth.-Commissioner of Labor], 118 AD3d 1206, 1206-1207 [3d Dept 2014], lv denied 24 NY3d 905 [2014]). Further, and contrary to claimant's contention, the record reflects that the Board thereafter "made an independent evaluation as to whether that conduct constitute[d] misconduct for the purposes of unemployment insurance" (Matter of Chohan [Commissioner of Labor], 108 AD3d 920, 921 [3d Dept 2013] [internal quotation marks and citation omitted]; see Matter of Samuels [New York City Tr. Auth.-Commissioner of Labor], 118 AD3d at 1207). Turning to the Board's decision, inasmuch as fighting with a coworker can constitute disqualifying misconduct, substantial evidence supports the Board's finding that claimant's unprovoked aggression toward his coworker, which included cursing, vulgarities and physical contact, disqualified him from receiving unemployment insurance benefits, and its decision will not be disturbed (see Matter of Jones [Commissioner of Labor], 100 AD3d 1134, 1134 [3d Dept 2012]; Matter of Hernandez [Commissioner of Labor], 98 AD3d 1185, 1185 [3d Dept 2012]). Claimant's remaining contentions, including that he had no prior warnings for engaging in inappropriate conduct, have been reviewed and found to be without merit.
Clark, J.P., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.